Arena Invs., L.P. v D'Angelo (2022 NY Slip Op 05945)

Arena Invs., L.P. v D'Angelo

2022 NY Slip Op 05945

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 651045/21, 651566/21 Appeal No. 16533 Case No. 2021-04688, 2021-04749 

[*1]Arena Investors, L.P., et al., Plaintiffs-Respondents,
v
Stephen D'Angelo, Defendant-Appellant. (And a Third-Party Action.)

Bernstein-Burkley, P.C., Pittsburgh, PA (John J. Richardson of the bar of the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for appellant.
White & Case LLP, New York (Dorian K. Panchyson of counsel), for respondents.

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered June 10, 2021, to the extent appealed from, awarding, in Index No. 651045/21, plaintiffs Arena Investors, L.P. and Arena Limited SPV, LLC damages in the amount of $26,930,195.18 against defendant Stephen D'Angelo, and bringing up for review an order, same court and Justice, entered on or about May 6, 2021, which granted plaintiffs' amended motion for summary judgment in lieu of complaint, unanimously reversed, on the law, the motion denied and the judgment vacated.
Plaintiffs' motion for summary judgment should have been denied, as they did not establish as a matter of law that can enforce the guaranties independently of their co-lender, nonparty Capstone Capital Group, LLC (Capstone). Plaintiffs and Capstone were collectively identified as "the Purchaser" in the guaranties, however only plaintiffs, the minority members of the purchaser group, sought to enforce the guaranties. The terms of the guaranties are ambiguous as to whether the parties contemplated collective action on the part of plaintiffs and Capstone in the event of a default or whether each individual lender can bring an action to enforce the guaranties without the participation of the other (see Beal Sav. Bank v Sommer, 8 NY3d 318, 325-332 [2007]; Credit Francais Intl. v Sociedad Fin. de Comercio, 128 Misc 2d 564, 577-582 [Sup Ct, NY County 1985]). We note that Capstone submitted an affidavit in which it stated that it purposefully did not join with plaintiffs in this action.
Plaintiffs' contention that defendant waived any and all defenses to the enforcement of the guaranties is unavailing. Plaintiffs may not rely on the waiver provisions in the guaranties where the guaranties are ambiguous as to whether plaintiffs can independently enforce them.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022